**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar# 12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorney for Defendant*
*Walmart Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MARY MARVIN, an individual ;<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign corporation; YET TO BE IDENTIED EMPLOYEE, an Individual ; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No.:<br><br>[District Court, Clark County Case No.: A-22-856055-C, Dept. No.: 29]<br><br>**DEFENDANT WALMART INC.'S PETITION OF REMOVAL** |

**PETITION OF REMOVAL**

Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant WALMART, INC. ("Defendant") hereby files this Petition of Removal of the above referenced action from the Eighth Judicial District Court for the District of Nevada. In support of removal of this action, Defendant states as follows:

**I. BACKGROUND**

1. On July 28, 2022, Plaintiff MARY MARVIN ("Plaintiff"), filed her Complaint against Defendant and various fictitious parties in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-22-856055-C. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. On August 19, 2022, Defendant filed its Answer. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit B**.

3. On August 22, 2022, Plaintiff filed a Request for Exemption from Arbitration, alleging an amount in controversy in excess of $50,000.00. A true and correct copy of Plaintiff's Request for Exemption from Arbitration is attached hereto as **Exhibit C**.

4. Pursuant to 28 U.S.C. § 1441(b), the citizenship of the fictitious defendants shall be disregarded in determining jurisdiction. *See* 28 U.S.C. § 1441(b)(1) (regarding removal based on diversity of citizenship jurisdiction, "in determining whether a civil action is removable under section 1332(a) of this title, the citizenship of fictitious defendants shall be disregarded").

5. Plaintiff's Complaint pleads two causes of action: 1) negligence and 2) respondeat superior.

6. For damages in her Complaint, Plaintiff seeks judgement against Defendant for general damages in excess of $15,000; special damages in excess of $15,000; attorney's fees and costs; and for such other and further relief as the Court may deem just and proper. *See* Ex. A, p. 5.

## II. TIMELINESS OF REMOVAL

7. Generally, notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading in an action. *See* 28 U.S.C. § 1446(b).

8. On August 3, 2022, Defendant, through its registered agent, was served with a copy of the Complaint.

9. Defendant is a foreign corporation, and Plaintiff is a resident of Nevada, which satisfies complete diversity of citizenship. *See* Ex. A, p. 1 & 2.

10. On August 22, 2022, Plaintiff filed a Request for Exemption from Arbitration, which indicated she's claiming, at a minimum, $200,362.71 in medical bills. *See* Ex. C, p. 2.

11. Based on Plaintiff's Request for Exemption from Arbitration, it has become apparent that the amount in controversy exceeds $75,000, rendering the case eligible for removable.

12. Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of Defendant's receipt of Plaintiff's Complaint.

## III. DIVERSITY JURISDICTION

13. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states." 28 U.S.C. § 1332(a)(1). As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**A. Complete Diversity of Citizenship Exists**

14. For the purpose of diversity of citizenship jurisdiction, an individual is a citizen of the state in which he is domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain,* 490 U.S. 826, 828 (1989). For the purposes of diversity jurisdiction, an individual is domiciled in the single state where he resides if the individual has no present intention to reside in another state. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. For the purpose of diversity of citizenship jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). A corporation's

3  KB/27939

principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.,* 559 U.S. at 93. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz,* 559 U.S. at 93. An unincorporated division, trade name, or d/b/a of a corporation is not a separate and distinct entity for purposes of removal, and its citizenship, for diversity purposes, is identical to that of the corporation to which it belongs. *See e.g., Breitman v. May Company, Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("We find that the distinction between an incorporated subsidiary and an unincorporated division is important for determining diversity jurisdiction. A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes.") (internal citations omitted).

16. The Plaintiff in this action is domiciled in, and a resident of, Nevada. *See* Ex. A, p. 1.

17. Defendant WALMART, INC. is a corporation organized under the laws of the State of Delaware, with its principal place of business in Arkansas. Plaintiff's Complaint admits that Defendant is a foreign corporation. *See* Ex. A, p. 2.

18. Plaintiff's Complaint includes the assertion that Defendant is licensed in and conducts business within Nevada. *See* Ex. A, p. 2. However, this assertion is irrelevant to the question of diversity because citizenship, for the purpose of diversity, is determined *only* by the state of incorporation and the principal place of business of a corporation. As such, the fact that Defendant is doing business in Nevada does not render it a citizen of Nevada. *See Hertz,* 559 U.S. at 93.

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Costs and Interest**

19. "In determining whether the defendant has established that diversity jurisdiction exists, the

district court must first consider whether it is 'facially apparent' from the complaint that the jurisdictional amount in controversy requirement is met." *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp.2d 1143, 1145 (D.Nev. 2004) (citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "[I]f a plaintiff's complaint fails to specify damages or specifies damages in an amount less than the jurisdictional minimum, the defendant must show, by a preponderance of the evidence, facts demonstrating that the amount involved in the litigation exceeds the statutory jurisdictional threshold." *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-4 (9th Cir. 1996)); *see also Sterling Sav. Bank v. Portfolio Group Mgmt., Inc.*, No. 3:12-cv-00374-LRH-WGC, 2012 WL 3277159, * 2 (D.Nev. Aug. 9, 2012).

20. Consistent with the requirements of Nevada law, Plaintiff's Complaint only states that the damages suffered by Plaintiff are in excess of $15,000. The amount in controversy is not facially apparent from the damages alleged in Plaintiff's Complaint.

21. However, as discussed above, Plaintiff's Request for Exemption from Arbitration made it apparent that the amount in controversy in this matter exceeds $75,000.

22. Plaintiff's Request for Exemption from Arbitration indicates she's claiming, at a minimum, $200,362.71 in medical bills. *See* Ex. C, p. 2.

## IV. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

23. Plaintiff filed her Complaint in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark, which lies in the United States District Court for the District of Nevada. Accordingly, venue is proper pursuant to 28 U.S.C. § 1441(a).

## V. THE OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

24. A Notice of Filing, with a copy of this Petition of Removal attached, will promptly be filed with the Clerk of the Eighth Judicial District Court of the State of Nevada in and for the

County of Clark, as required by 28 U.S.C. § 1446(d).

25. A written notice of the filing of this Petition of Removal will be given to Plaintiff as required by law pursuant to 28 U.S.C. § 1446(d).

26. Additionally, as required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the underlying state court action are attached hereto as **Exhibit D.**

27. The allegations within this Petition of Removal are true and correct, and this cause is within the jurisdiction of the United States District Court for the District of Nevada.

28. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this civil action is removable.

DATED this 29th day of August, 2022.

ALVERSON TAYLOR & SANDERS

/S/ *Kurt R. Bonds*
KURT R. BONDS, ESQ.
Nevada Bar #6228
PATRICE STEPHENSON-JOHNSON, ESQ.
Nevada Bar #12283
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
*Attorneys for Defendants*

6    KB/27939

# **CERTIFICATE OF SERVICE VIA CM/ECF**

I certify that on the 29th day of August, 2022, service of the above and foregoing **DEFENDANT WALMART INC.'S PETITION OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

THE GALLIHER LAW FIRM
Keith E. Galliher, Jr., Esq.
Nevada Bar No. 220
George J. Kunz, Esq.
Nevada Bar No. 12245
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
kgalliher@galliherlawfirm.com
gkunz@lvlawguy.com
*Attorneys for Plaintiffs*

*/s/ Teri Jenks*
An Employee of ALVERSON TAYLOR & SANDERS

N:\CLIENTS\27900\27939\Pleadings\27939 Notice of Removal.doc

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000 FAX (702) 385-7000

7

KB/27939