# EXHIBIT A

Electronically Filed
7/28/2022 9:45 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
THE GALLIHER LAW FIRM
Keith E. Galliher, Jr., Esq.
Nevada Bar No. 220
George J. Kunz, Esq.
Nevada Bar No. 12245
1850 East Sahara Avenue, Suite 107
Las Vegas, Nevada 89104
Telephone: (702) 735-0049
Facsimile: (702) 735-0204
kgalliher@galliherlawfirm.com
gkunz@lvlawguy.com   Attorneys for Plaintiffs

CASE NO: A-22-856055-C
Department 29

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARY MARVIN, an Individual ;<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a foreign corporation; YET TO BE IDENTIED EMPLOYEE, an Individual ; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | CASE NO.:<br>DEPT NO.: |

## COMPLAINT

Plaintiff, by and through her undersigned attorney, complains of Defendants as follows:

### GENERAL ALLEGATIONS

**I**

Plaintiff is a resident of the State of Nevada. The incident which gives rise to this cause of actin occurred within the State of Nevada.

1

**II**

Defendant, WALMART, INC., is, upon information and belief, a Foreign Corporation duly licensed and doing business within the State of Nevada. Defendant, YET TO BE IDENTIFIED EMPLOYEE, is, upon information and belief, a resident of the State of Nevada.

**III**

The true names of DOES I through X and/or ROE CORPORATIONS I through X, their citizenship and capacities, whether individual, corporate, associates, partnership or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges, that each of the Defendants, designated as DOES I through X and/or ROE CORPORATIONS I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiffs, as herein alleged, and Plaintiffs will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations. These Defendants failed to inspect, detect, locate and remove the snake from the potted plant at issue herein.

1. DOES I through X are employers of Defendants who may be liable for Defendants negligence pursuant to NRS 41.130, which states:

Whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury shall be liable to the person injured for damages; and where the person causing such injury is employed by another person or corporation responsible for his conduct, such person or corporation so responsible shall be liable to the person injured for damages.

**IV**

On the 24th day of May, 2022 Defendants carelessly and negligently failed to detect, locate, inspect, remove, and/or take preventative measures from snakes being in or around their flowers,

2

plants, trees, and/or bushes which were for sale in its outdoor garden center. The Defendants and/or their employees cause an unreasonably dangerous hazard to Plaintiff and/or guests as they allowed a snake and/or snakes to be present in their flowers, plants, trees and/or bushes. Pursuant to the mode of operation doctrine Defendant was on continuous notice of the potential presence of snakes in their plants, flowers, trees and/or bushes which were for sale to its customers in its outdoor garden center.

**V**

On the above-mentioned date, Plaintiff, MARY MARTIN, was shopping at the Walmart located at 3041 N. Rainbow Boulevard, Las Vegas, Nevada. Plaintiff, MARTIN, entered the garden center to look at flowers and plants. Plaintiff picked up a plant to look at it when a snake jumped out at her. She was so startled by the snake jumping out at her that she fell to the ground breaking her hip.

**FIRST CLAIM FOR RELIEF**

**(Negligence)**

**I**

Plaintiff repeats and realleges the allegations contained in Paragraphs I through V of her General Allegations.

**II**

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained personal serious and permanent injuries to her head, neck, arms, hips, legs and back and has suffered pain and discomfort all to her damage in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

**III**

Said injuries have resulted in medical treatment all to Plaintiff's damage in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

**IV**

3

The Defendant created an unreasonably dangerous situation for guests and/or patrons by failing to inspect, detect, locate, remove and/or take preventative measures to keep snakes out of their garden center, which caused serious and permanent injury to Plaintiff.

**V**

These violations were the proximate cause of Plaintiff's injuries, medical care, and pain and suffering all to her damage in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

**VI**

Plaintiff has been compelled to retain the services of an attorney to prosecute this action and Plaintiff is, therefore, entitled to reasonably attorney's fees and costs of suit incurred herein.

**SECOND CLAIM FOR RELIEF**

**(Respondeat Superior)**

**I**

Plaintiff repeats and realleges the allegations contained in Paragraphs I through V of her General Allegations and Paragraphs I through VI of her First Claim for Relief as though fully set forth herein.

**II**

At all times mentioned herein, YET UNKNOWN EMPLOYEE, was an employee and/or subcontractor of Defendant WALMART, and at all times mentioned herein was acting within the scope and course of said employment and agency and with the knowledge, permission and consent of said Defendant. Defendant, WALMART, is, therefore, liable for the negligent and reckless actions of its yet unknown employee and/or subcontractor. WALMART owed a duty of care to Plaintiff and its yet unknown employee and/or subcontractor breached that duty of care. WALMART is liable for the negligent and reckless actions of its employee and/or subcontractor. These negligent and reckless

4

actions included the failure to inspect, detect, locate and remove the snake located within a potted plant offered for sale in its garden center.

### III

As a direct and proximate result of YET UNKNOWN EMPLOYEE'S negligent actions during the course and scope of its employment and/or subcontract with WALMART, all Defendants are liable to Plaintiff for her injuries and damages as set forth above in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

### IV

Plaintiff has been compelled to retain the services of an attorney to prosecute this action and Plaintiff is therefore, entitled to reasonable attorney's fees and costs of suit incurred herein.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendants as follows:

**FIRST CLAIM FOR RELIEF**

1. General damages in a sum in excess of $15,000;

2. Special damages in a sum in excess of $15,000;

3. Attorney's fees and costs of suit incurred herein; and,

4. For such other and further relief as the Court may deem just and proper on the premises.

**SECOND CLAIM FOR RELIEF**

1. General damages in a sum in excess of $15,000;

2. Special damages in a sum in excess of $15,000;

3. Attorney's fees and costs of suit incurred herein; and,

5

4. For such other and further relief as the Court may deem just and proper on the premises.

**DATED** this 27th day of July, 2022.

                                            THE GALLIHER LAW FIRM

                                            _____
                                            Keith E. Galliher, Jr., Esq.
                                            Nevada Bar No. 220
                                            1850 E. Sahara Avenue, Suite 107
                                            Las Vegas, Nevada 89104
                                            *Attorney for Plaintiffs*